# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MARY ECTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:20-03266-CV-RK |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's unopposed motion to substitute party (Doc. 18), filed on September 3, 2021.

This is a Social Security case challenging the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance under Title II of the Social Security Act ("SSA") as well as for Supplemental Security Income ("SSI") under Title XVI of the SSA. The motion states that Plaintiff Mary Ecton passed away on July 30, 2021. Attached to the motion are suggestions of death. (Doc. 18-1.) The motion states further that Plaintiff Mary Ecton died intestate and was married at the time of her death to Russell Ecton, who survives. Plaintiff attached to the motion a consent form to appointment of Russell Ecton as substituted party, signed by Russell Ecton. (Doc. 18-2.)

Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Such motion must be made within 90 days after service of a statement noting death. *Id.* "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests." *Maseda v. Saul*, No. 1:20-cv-01657 JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021) (quoting *In re Baycol Prods. Lit.*, 616 F.3d 778, 789 (8th Cir. 2010)).

Plaintiff's motion – filed on the same day as the statement noting death – is timely. Next, the Court must consider whether the claims asserted here expire upon the death of the claimant. Under federal law, SSA claims for disability insurance and supplemental security income may not be extinguished upon a claimant's death. As to disability insurance payments, federal law provides that disability payments due may be made "to the surviving spouse of the deceased individual" so

long as the surviving spouse either "(i) was living in the same household with the deceased at the time of his [or her] death or (ii) was, for the month in which the deceased individual died, entitled to a monthly benefit on the basis of the same wages and self-employment income as was the deceased individual." 42 U.S.C. § 404(d)(1); *see also* 20 C.F.R. § 404.503. Similarly, SSI underpayments are also payable, in accordance with federal law, upon the death of an SSI recipient to the "surviving spouse . . . [so long as] such surviving husband or wife was living in the same household with the individual at the time of his [or her] death or within the 6 months immediately preceding the month of such death." 42 U.S.C. § 1383(b)(1)(A)(i); *see* 20 C.F.R. 416.542(b)(1) & (b)(4). Thus, Plaintiff's claims for SSA disability and SSI benefits were not necessarily extinguished upon her death.

Finally, the Court must determine whether Russell Ecton is the "proper party" for substitution in this case. So long as Russell Ecton qualifies for SSA disability and/or SSI payments upon the death of Mary Ecton (to the extent Mary Ecton is entitled to such benefits), he may be a proper party for substitution under Rule 25(a)(1). *See, e.g.*, *Colon v. Comm'r of Soc. Sec'y*, No. 20-CV-62405-RUIZ/STRAUSS, 2021 WL 3674683, at *2 (S.D. Fla. Aug. 19, 2021); *Garcia v. Astrue*, No. 1:11-cv-00774-SKO, 2012 WL 844792, at * (E.D. Cal. March 12, 2012) (substituted plaintiff established she was married to plaintiff at the time of his death and had lived together in the same residence with deceased plaintiff including at the time of his death). On the present record, there is nothing to support a finding, as required for substitution under Rule 25(a)(1), that Russell Ecton (married to the deceased Plaintiff) was living in the same household with the deceased at the time of her death or otherwise within the 6 months immediately preceding the month of Plaintiff's death.

Accordingly, at this time, Plaintiff's timely motion to substitute party is **DENIED without prejudice** to refiling with the necessary supplemental documentation or evidence.

**IT IS SO ORDERED.**

        s/ Roseann A. Ketchmark
        ROSEANN A. KETCHMARK, JUDGE
        UNITED STATES DISTRICT COURT

DATED: September 21, 2021