IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARY ECTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:20-03266-CV-RK |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY; | ) ) ) ) |
| Defendant. | ) |

# ORDER

Before the Court is a first amended motion for substitution of parties filed by Plaintiff's counsel on September 28, 2021. (Doc. 22.) The motion states that Plaintiff, Mary Ecton, passed away on July 30, 2021, and is survived by her husband, Russell Ecton, and one adult daughter. The motion states that Mary Ecton died intestate. The motion seeks the substitution of Mary Ecton's husband, Russell Ecton, as "the party in interest on behalf of his deceased wife."[1]

Federal Rule of Civil Procedure 25 governs the substitution of parties. Rule 25(a) provides for substitution of parties when a party has died:

> (a) **Death**.
>
> > (1) ***Substitution If the Claim Is Not Extinguished***. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> > . . .
>
> > (3) ***Service.*** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

---

[1] The motion states that attached is a consent of Russell Ecton to be appointed as substituted party. No such attachment appears.

To properly effect the substitution of a deceased party, the procedures contained within Rule 25(a) must be followed. Rule 25(a)(1), in part, requires that a motion for substitution may be filed by "any party or by the decedent's successor or representative." Courts have recognized, though, that "[a] request from the deceased plaintiff's counsel [for substitution] cannot be granted because counsel is not a party to the action and, perforce of the decedent's death, ceases to represent [them]." *O'Rourke v. Drunken Chicken in NY Corp.*, No. 19 CV 3942 (NGG)(LB), 2021 WL 1394176, at *3 (E.D.N.Y. Feb. 26, 2021), *adopted in full*, 2021 WL 973086 (E.D.N.Y. Mar. 16, 2021) (citations and internal quotation marks omitted); *see Rowland v. GGNSC Ripley, LLC*, No. 3:13-CV-00011-DMB-SAA, 2015 WL 12999757, at *2 (N.D. Miss. Nov. 23, 2015) (denying motion to substitute filed by deceased plaintiff's attorney after plaintiff had died) (citing *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 597-98 (D. Kan. 2000)); *Hendricks v. Liberty Nat'l Life Ins. Co.*, No. 13-CV-0390-CVE-PJC, 2013 WL 4544299, at *2 (N.D. Okla. Aug. 27, 2013) (denying motion to substitute party filed by deceased's attorney because deceased plaintiff died three months prior to the motion being filed "and, therefore, [deceased plaintiff]'s attorney 'no longer ha[d] a client[]' at the time he filed the motion") (quoting *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008)); *but see Garcia v. Astrue*, No. 1:11-cv-00774-SKO, 2012 WL 844792, at * (E.D. Cal. March 12, 2012) (granting motion to substitute party for deceased plaintiff filed by deceased plaintiff's counsel).

Moreover, Rule 25(a)(1) requires, in part, that the party to be substituted must be a "proper party." The determination whether the party to be substituted is a "proper party" in the context of the particular claim(s) at issue in a given case requires **evidence**. *Savoy v. Schlachter*, No. 2:13-cv-00014 JAM AC P, 2014 WL 3689365, at *2 (E.D. Cal. July 24, 2014) (whether a substitution movant is a "proper party" under Rule 25(a)(1) "requires evidence that [the substitution movant] is decedent's successor in interest or legal representative"); *see also*, *Colon v. Comm'r of Soc. Sec'y*, No. 20-CV-62405-RUIZ/STRAUSS, 2021 WL 3674683, at *2 (S.D. Fla. Aug. 19, 2021) (affidavits from plaintiff's counsel and proposed substituted party supported finding that the person to be substituted was a "proper party"); *Garcia v. Astrue*, No. 1:11-cv-00774-SKO, 2012 WL 844792, at * (E.D. Cal. March 12, 2012); *Willis v. Barnhart*, No. C 02-3670 JSW, 2005 WL 1082757, at *3-4 (N.D. Cal. May 9, 2005) (substitution ordered where movant demonstrated he was a proper party for substitution where the substitution movant "submitted a declaration which

shows that [deceased plaintiff]'s Last Will and Testament poured over her Social Security property interest into" a revocable trust of which the substitution movant was trustee).

In the Court's prior Order denying without prejudice an initial motion to substitute party, the Court recognized that in this particular Social Security case, Russell Ecton may be a "proper party" if he (1) was married to Plaintiff at the time of her death and (2) was living in the same household as Plaintiff at the time of her death or within six months immediately preceding the month of Plaintiff's death. (*See* Doc. 20 at 1-2 (quoting 42 U.S.C. §§ 404(d)(1) & 1383(b)(1)(A)(i)). On the present record (consisting only of an amended motion to substitute filed by Plaintiff's counsel), there is nothing to support a finding, as required under Rule 25(a)(1) that Russell Ecton is a "proper party" to be substituted in this action. As the Eighth Circuit has recognized, "the purpose of Rule 25(a)(1) is to protect the estate of the decedent, [and therefore] district courts must ensure only those individuals who can adequately represent the interests of the deceased party are substituted under the Rule." *In re Baycol Prods. Lit.*, 616 F.3d 778, 788 (8th Cir. 2010) (citation and internal quotation marks omitted). Accordingly, at this time, the amended motion to substitute party (Doc. 22) is **DENIED without prejudice** to refiling a motion to substitute that satisfies the procedural requirements of Rule 25(a)(1) and supports a finding that the party to be substituted is a "proper party" in the context of this case.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 29, 2021