# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MARY ECTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:20-03266-CV-RK |
| COMMISSIONER OF SOCIAL SECURITY; | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is a second amended motion for substitution of parties filed by Plaintiff's counsel on October 1, 2021. (Doc. 24.) As explained in prior orders, this is a Social Security case brought under 452 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff Mary Ecton challenges the Commissioner of Social Security's decision denying her application for Social Security disability benefits and Supplemental Security Income ("SSI"). (Doc. 1.) The motion now before the Court states that Plaintiff Mary Ecton died on July 30, 2021, and seeks an order substituting Russell Ecton as the plaintiff in this cause of action. A "suggestions in death" as to Plaintiff Mary Ecton was filed as an attachment to the initial motion for substitution on September 3, 2021. (Doc. 18-1.) The Court denied, without prejudice to refiling, two motions filed by Plaintiff's counsel seeking substitution of party following Plaintiff Mary Ecton's passing. (Docs. 21, 23.)[1]

The motion now before the Court states that Plaintiff Mary Ecton died intestate and is survived by her husband, Russell Ecton, and an adult daughter, Brandy Ecton-Fincher. (Doc. 24 at 1.) The motion states further that counsel has been retained by Russell Ecton to represent Mr. Ecton's interests in this matter. (*Id.*) Attached to the motion is (1) a consent form by Mr. Ecton to be substituted for Plaintiff Mary Ecton in this action and (2) an affidavit by Mr. Ecton attesting that he was both married to and lived in the same household with Plaintiff Mary Ecton at the time of her death. (Docs. 24-1, 24-2.) Mr. Ecton attests that Plaintiff Mary Ecton died intestate and, as her spouse, he is the sole party in interest as to this claim and her estate under state law. (*Id.*)

---

[1] Defendant did not file any response to the initial motion for substitution of parties within the fourteen-day response period.

Under Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." A motion to substitute "may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests." *Maseda v. Saul*, No. 1:20-cv-01657 JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021) (quoting *In re Baycol Prods. Lit.*, 616 F.3d 778, 789 (8th Cir. 2010)).

This motion, filed by Plaintiff's counsel also retained to represent the interests of Mr. Ecton, does not appear to be untimely. *See* Rule 25(a)(1) (a motion to substitute on a party's death must be made "within 90 days after service of a statement noting the death"). Additionally, it is clear under federal law, a claim for unpaid Social Security disability benefits and, under some circumstances, SSI benefits may be paid to the surviving spouse of the deceased claimant. *See* 42 U.S.C. §§ 404(d)(1) (disability benefits) & 1383(b)(1)(A)(i) (supplemental security income benefits); 20 C.F.R. §§ 404.503 & 416.542(b)(1) & (b)(4). Thus, it appears the claims here are not extinguished by Plaintiff Mary Ecton's passing. Finally, based on the record and evidence now before the Court – including Russell Ecton's affidavit – it appears Mr. Ecton is a "proper party" for substitution as Plaintiff. *See, e.g., Colon v. Comm'r of Soc. Sec'y*, No. 20-CV-62405-RUIZ/STRAUSS, 2021 WL 3674683, at *2 (S.D. Fla. Aug. 19, 2021); *Garcia v. Astrue*, No. 1:11-cv-00774-SKO, 2012 WL 844792, at * (E.D. Cal. March 12, 2012). Russell Ecton attests he is the surviving spouse of Plaintiff Mary Ecton and that he was both married to and living in the same household as Plaintiff Mary Ecton at the time of her death. The Court finds, therefore, evidence that Russell Ecton is a proper party under Rule 25(a), that is, one "who can adequately represent the interests of the deceased party." *Baycol Prods. Lit.*, 616 F.3d at 788 (citation and internal quotation marks omitted).

It is therefore **ORDERED** that the motion to substitute party (Doc. 24) is **GRANTED**. It is further **ORDERED** that Mary Ecton is **TERMINATED** as plaintiff in this action and Russell Ecton is **ADDED** as plaintiff in this action.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 4, 2021